CAMPBELL, Judge.
Appellant/husband, Gary C. Kelley, seeks reversal of a final judgment of dissolution of marriage, arguing to this court two points on appeal:
I. WHETHER THE TRIAL COURT ERRED BY FAILING TO AWARD THE HUSBAND SPECIAL EQUITY IN THE MARITAL HOME?
II. WHETHER THE TRIAL COURT FAILED TO CONSIDER THE HUSBAND’S ABILITY TO PAY IN ITS AWARDS OF CHILD SUPPORT AND ALIMONY CONSTITUTING AN ABUSE OF DISCRETION?
We find appellant’s first point to be without merit as the trial judge’s action on that point has support in the record.
Appellant’s second point, however, causes us sufficient concern to require reversal of the trial judge. The financial ability of the husband to make all of the payments in the amount ordered by the trial judge is not supported by the record.
At the time of the dissolution, the evidence showed the wife earned between $100 to $120 per week. The only direct evidence of the husband’s earnings was his financial affidavit which indicated his net weekly take-home pay was $250. The wife testified that she had reviewed bank statements and records which caused her to estimate the husband’s weekly income at $300. The trial judge ordered the husband to pay $35 per week for child support for each of two children, for a total of $70 per week. The effect of the dissolution was to leave the parties owning the marital home as tenants in common. The wife was awarded exclusive possession of the home until such time as she remarried or the youngest child attains majority, whichever should first occur. The husband was ordered to pay the mortgage payments on the marital home in the amount of $417 per month, which figures out to $96.23 per week. An undeveloped lot in Hamilton County, Florida was ordered sold and the proceeds divided between the parties. The wife was awarded sole ownership of jointly owned stocks of the approximate value of *589 $1,300. The husband’s weekly obligations under the final judgment amount to $166.23, to be paid from a weekly income of $250 to $300. The husband is therefore left with $83.77 to $133.77 on which to provide himself with a place to live and the other necessities of life. The wife and children are provided with the home to live in and the weekly amount of $70 child support and her income of $100 to $120.
Admittedly, the financial circumstances of the parties, under the best of conditions, leaves much to be desired. However, we feel the requirements upon appellant are beyond his clearly demonstrated ability to pay. This is one of those cases where we conclude that remanding to the trial court for modification would not accomplish a great deal. The trial judge has assuredly done the best he considered could be done. Accordingly, we reluctantly exercise our prerogative and reverse and remand to the trial court with instructions to amend the final judgment only to the extent that each party shall be ordered to pay one-half the mortgage payments on the marital home. Otherwise, the final judgment shall remain the same.
Reversed and remanded with instructions.
HOBSON, A.C.J., and RYDER, J., concur.